OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



**GROVER SELLERS**
ATTORNEY GENERAL

Honorable L. S. Johnson
Commissioner, Department of Banking
Austin, Texas

Opinion No. O-7098
Re: Construction of Art. 11,
Chapter V, of the Texas
Banking Code of 1943.

Dear Sir:

We beg to acknowledge receipt of your request for
an opinion upon the above titled subject matter, your precise
questions being:

1. "Whether or not a State Bank may lawfully
make loans on real estate as security in an amount
equal to 60% of the appraised value of the security,
with 40% or more of principal amortized in approxi-
mately equal monthly installments for ten years, and
unpaid balance due at end of tenth year."

2. "Do the provisions of Article 11, of Chapter
V, have the effect of taking precedence over specific
restrictions provided in other articles of the same
Code?"

Article 4 of Chapter V, dealing specifically with
real estate loans, as it exists at this time, is in full as
follows:

"No State banks shall make a loan upon security
of real estate or invest its funds in obligations se-
cured by real estate unless:

"1. The security is a first lien upon such real estate or the loan or investment made by the bank is wholly guaranteed by the Administrator of Veterans Affairs under Title III of the Serviceman's Readjustment Act of 1944, as amended from time to time.

"2. The total 'net balance' owing upon the indebtedness secured by such lien (a) does not exceed fifty per cent (50%) of the appraised value of such real estate; or (b) does not exceed sixty per cent (60%) of the appraised value of such real estate and such loan or obligation provides for uniform monthly, quarterly, semi-annual, or annual reductions of principal in such amounts as to retire forty per cent (40%) thereof within five (5) years of the date of the bank's loan or investment; or (c) does not exceed sixty-six and two-thirds per cent (66-2/3%) of the appraised value of such real estate when such real estate consists of 'residentail real estate' and such loan provides for repayment in equal monthly installments in such amounts as to retire the same in its entirety, both as to principal and interest in not more than two hundred and forty (240) months from the date thereof and further provides for equal monthly deposits during the term thereof in amounts sufficient to pay as they accrue the premiums on fire and tornado insurance and all taxes assessed against the security. The aggregate of loan and investments of the class provided for in this Subsection (c) of Section 2, made by any State Bank shall never, without the written consent of the Commissioner exceed the certified surplus and capital of such bank.

"The term 'residential real estate' as used in this subsection (c) of Section 2, shall mean land on which is situated a dwelling of not more than four (4) family units, the primary use of which is occupancy as a home.

"The term 'net balance' as used in this Section 2 shall mean the balance obtained after deducting from any loan or obligation the portion thereof guaranteed by the Administrator of Veterans Affairs under Title III of the Serviceman's Readjustment Act of 1944, as amended from time to time."

Article 11, of Chapter V, is as follows:

"Any provision of this Code to the contrary
notwithstanding, any State bank may make any loan
or investment which such bank could make were it
operating as a national bank, and the making of
such loan or investment shall not constitute a
violation of any penal provision of the statutes
of the State."

State Banks in Texas have only the powers conferred
upon them by the statutes of the State and the charters under
which they act, and have no powers beyond this from any other
government or source. The Code is a comprehensive one and
covers the whole field of the operation of such banks. It is
familiar law in statutory construction that such a code should
be construed in its entirety, as a whole, giving effect to every
portion thereof as an integral part of the law governing the
particular inquiry. Article 4 would, if standing alone, exclude
the character of investments permitted by Article 11. But it
does not stand alone; on the contrary, Article 11 is as much a
part of the law as any other part of the Code and is to be
read in connection with Article 4 as though the same had been
actually incorporated in that Article as, indeed it is, a
proviso.

The reason for the inclusion of Article 11, if one
were needed, is not hard to see. It serves the wholesome gov-
ernmental function of avoiding a discrimination between national
associations and State banks to the latter's hurt.

Such comity is recognized by the Congress notably in
denying national association the right to maintain branch banks
in those states whose laws forbid branch banking. As said by
Mr. Leachman, Attorney for an interested bank, a copy of whose
opinion accompanies your request:

"It was clearly the intention of the Legislature
to allow State banks equal opportunity with National
banks in the making of loans and investments by pro-
viding in Article 342-511 that notwithstanding any
contrary provisions of the Code, a State bank may
make any loans or investments which said bank could
make were it operating as a national bank."

But we suggest, however, this has nothing to do with the question of the loan limit of the individual bank concerned. We are here dealing with the quality, - eligibility of investments, and not with the quantitative feature as prescribed by Article 7 of Chapter A of the Code. We said, in Opinion No. 0-6809, addressed to Mr. Jamison, Banking Commissioner, under date of September 18, 1945:

"It follows, we think, that under the Code a State bank may lawfully invest in those obligations of another State, or its political subdivisions, in which a national bank domiciled in this State is authorized to invest; but that the loan limit of Texas would still apply as to such out-of-state investments, as well as to those in the State."

We trust that what we have said sufficiently answers your inquiries.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Assistant

Approved Feb 27, 1946
Grover Sellers
Attorney General of Texas

OS:rt:djm

Approved: Opinion
Committee

By ___BWB___
Chairman